IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID PITLOR, | )<br>) |
| Plaintiff, | )     8:17CV359<br>) |
| v. | )<br>)     **MEMORANDUM** |
| TD AMERITRADE and KUTAK ROCK LLP, | )     **AND ORDER**<br>)<br>) |
| Defendants. | )<br>) |

     Pro se plaintiff David Pitlor has filed a 553-page complaint against his broker and its law firm generally alleging fraud. Along with his Complaint (Filing No. 1), Plaintiff has filed a Motion for Temporary Restraining Order ("TRO") (Filing No. 2) and a Motion for Leave to Proceed In Forma Pauperis ("IFP") (Filing No. 3).

### Motion for TRO

     Plaintiff asks the court to issue a TRO prohibiting defendant TD Ameritrade from closing one of his accounts that contains $3.51 because Plaintiff will then be unable to access account records and data necessary to prove "TD Ameritrade's responsibility for wrongdoing and damages." Based on TD Ameritrade's alleged prior destruction and concealment of material evidence regarding "the events of January 12th, 2017," Plaintiff alleges that "it is reasonable to expect that further efforts to obfuscate, conceal, or destroy evidence will occur should my access be prohibited." (Filing No. 2 at CM/ECF pp. 3-4.) Further, Plaintiff asks the court to order TD Ameritrade to immediately pay to Plaintiff $69,226.72 in commissions and fees.

     The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's motion. In *Dataphase*, the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant

a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114.

Here, Plaintiff claims irreparable harm because Defendants are likely to destroy documents he needs to prove their wrongdoing. That is, the suggested threat of harm is merely speculative. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987). Further, Plaintiff has not shown that he is likely to succeed on the merits of his claims and that barring TD Ameritrade from closing his $3.51 account and requiring the company to immediately pay him $69,226.72 in commissions and fees is in the public interest.

Accordingly, the court will deny Plaintiff's request for a temporary restraining order.

## Motion to Proceed IFP

Based on Plaintiff's statements in his Motion to Proceed In Forma Pauperis (Filing No. 3) that he has received $200,000 from an inheritance, gift, and trust fund within the past year; that he owns artwork of unknown value by artist Roy Fairchild; that he owns a 2011 Honda Ridgeline and a home valued at $182,900; and that he was employed as recently as January 2017 earning $75,000 per year, the court shall order that Plaintiff either show cause why he should be permitted to proceed in forma pauperis or pay the $400.00 filing fee within 30 days of the date of this order. No further review of this case will take place until Plaintiff has made a sufficient showing that he is entitled to proceed in forma pauperis or the filing fee is paid.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Temporary Restraining Order (Filing No. 2) is denied;

2. Within 30 days of the date of this order, Plaintiff shall show cause why he should be permitted to proceed in forma pauperis, or he shall pay the $400.00 filing fee;

3. Plaintiff's Motion to Proceed In Forma Pauperis (Filing No. 3) is held in abeyance pending Plaintiff's showing of cause or payment of the filing fee;

4. No further review of this case will take place until Plaintiff has made a sufficient showing that he is entitled to proceed in forma pauperis or the filing fee is paid;

5. Failure to comply with this order will result in Plaintiff being dismissed from this matter without further notice; and

6. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: October 30, 2017: deadline for Plaintiff to show cause or pay $400 filing fee.

DATED this 28th day of September, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge